

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,569-01

### EX PARTE CURT DANIEL CROWDER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1509559-A IN THE 209TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of delivery of 3,4-methylenedioxy-N-methacathinone weighing 4 to 400 grams and sentenced to 25 years' imprisonment. The First Court of Appeals affirmed his conviction. *Crowder v. State,* No. 01-16-00511-CR (Tex. App.–Houston[1st] July 18, 2017, no pet.). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In response to this Court's remand order, the trial court held a hearing and adopted Applicant's proposed findings of fact and conclusions of law. The court found that Applicant's claims of ineffective assistance of counsel at trial and in the motion for new trial proceedings had merit and recommended granting a new trial. We disagree.

On post-conviction review of habeas corpus applications, the convicting court is the "original factfinder" and this Court is the "ultimate factfinder." *Ex parte Storey,* 584 S.W.3d 437, 439 (Tex. Crim. App. 2019). In most circumstances, we defer to the trial judge's findings of fact because the judge is in the best position to assess witnesses' credibility. *Ex parte Thuesen,* 546 S.W.3d 145, 157 (Tex. Crim. App. 2017). However, if our independent review of the record reveals circumstances that contradict or undermine the trial judge's findings, we may exercise our authority to enter contrary findings and conclusions. *Storey,* 584 S.W.3d at 440. This Court reviews *de novo* mixed questions of law and fact that do not depend upon credibility and demeanor. *Ex parte Weinstein,* 421 S.W.3d 656, 664 (Tex. Crim. App. 2014) (citing *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).We also review *de novo* conclusions of law. *Id.*

Applicant contends that defense counsel failed to object to the exclusion of testimony at a hearing on a motion to suppress. *See Ex parte White,* 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). He avers that this testimony would have shown that the consent to search was involuntary and, therefore, the inculpatory evidence was inadmissible. However, even if the trial court had allowed this testimony, the court would not have abused its discretion by denying the motion to suppress. *See, e.g., Miller v. State,* 548 S.W.3d 497, 499 (Tex. Crim. App. 2018); *Ex parte Thompson,* 179 S.W.3d 549, 560 (Tex. Crim. App. 2005). Applicant has not demonstrated that the result of the proceeding would have been different, but for counsel's alleged error. *Ex parte Niswanger,* 335 S.W.3d 611, 615 (Tex. Crim. App. 2011) (citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984)).

Further, Applicant has not shown that counsel's failure to schedule a live hearing and secure witnesses' testimony in the motion for new trial proceeding was prejudicial. *See, e.g., Ex parte Bryant,* 448 S.W.3d 29, 34-35 (Tex. Crim. App. 2014); *Ex parte Overton,* 444 S.W.3d 632, 640

(Tex. Crim. App. 2014).

Relief is denied.

Filed: October 19, 2022
Do not publish